1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEONCIO PALMA, | ) | 1:10-cv–02120-OWW-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING THE PETITION |
| | ) | WITH LEAVE TO FILE A FIRST |
| | ) | AMENDED PETITION (DOC. 1) |
| v. | ) | |
| | ) | **DEADLINE:  THIRTY (30) DAYS** |
| KATTY ALLISON, | ) | **AFTER SERVICE OF THIS ORDER** |
| | ) | |
| Respondent. | ) | ORDER DIRECTING THE CLERK TO SEND |
| | ) | PETITIONER A BLANK PETITION FOR |
| | ) | WRIT OF HABEAS CORPUS |

18

19      Petitioner is a state prisoner proceeding in forma pauperis

20  and pro se with a petition for writ of habeas corpus pursuant to

21  28 U.S.C. § 2254.  The matter has been referred to the Magistrate

22  Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and

23  304.  Pending before the Court is the petition, which was filed

24  on November 15, 2010.

25      I.  Screening the Petition

26      Rule 4 of the Rules Governing § 2254 Cases in the United

27  States District Courts (Habeas Rules) requires the Court to make

28  a preliminary review of each petition for writ of habeas corpus.

1

1   The Court must summarily dismiss a petition "[i]f it plainly

2   appears from the petition and any attached exhibits that the

3   petitioner is not entitled to relief in the district court...."

4   Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.

5   1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.

6   1990).  Habeas Rule 2(c) requires that a petition 1) specify all

7   grounds of relief available to the Petitioner; 2) state the facts

8   supporting each ground; and 3) state the relief requested.

9   Notice pleading is not sufficient; rather, the petition must

10  state facts that point to a real possibility of constitutional

11  error.  Rule 4, Advisory Committee Notes, 1976 Adoption;

12  O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v.

13  Allison, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition

14  that are vague, conclusory, or palpably incredible are subject to

15  summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th

16  Cir. 1990).

17       Further, the Court may dismiss a petition for writ of habeas

18  corpus either on its own motion under Habeas Rule 4, pursuant to

19  the respondent's motion to dismiss, or after an answer to the

20  petition has been filed.  Advisory Committee Notes to Habeas Rule

21  8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43

22  (9th Cir. 2001).

23           A.   Lack of Specificity

24       Petitioner is an inmate of the California Substance Abuse

25  Treatment Facility (CSATF) at Corcoran, California, who is

26  serving a sentence of life with the possibility of parole imposed

27  in 1990 for a conviction of attempted murder in the San Diego

28  Superior Court.  (Pet. 1.)  Petitioner challenges a decision of

1   the "board" to deny his parole.  (Pet. 4.)  Petitioner claims

2   that the evidence was insufficient to support the decision that

3   he continues to pose an unreasonable threat, there was no

4   individualized consideration of the appropriate factors, and the

5   board failed to articulate a rational nexus between the factors

6   and the conclusion that Petitioner is presently dangerous to

7   society if released.  Petitioner alleges that this violated the

8   state and federal constitutions, and his continued incarceration

9   is a violation of "due process."  (Pet. 4, 5.)

10       Although Petitioner states that he has been denied parole on

11  seven different occasions (pet. 4), he does not state the date or

12  other identifying data in order to permit a respondent to

13  understand precisely which decision is being challenged.  Thus,

14  Petitioner has not fully stated his claim, and it is not possible

15  for a respondent to be able to respond intelligently to the

16  petition.

17       Further, Petitioner does not identify the specific guarantee

18  of the federal constitution that was violated or otherwise

19  explain how the decision was in violation of federal law.

20       Because Petitioner fails to identify the decision being

21  challenged and the precise federal constitutional provision or

22  provisions violated, the petition is uncertain and must be

23  dismissed.

24              B.   Exhaustion of State Remedies

25       A petitioner who is in state custody and wishes to challenge

26  collaterally a conviction by a petition for writ of habeas corpus

27  must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

28  The exhaustion doctrine is based on comity to the state court and

1  gives the state court the initial opportunity to correct the

2  state's alleged constitutional deprivations.  Coleman v.

3  Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509,

4  518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir.

5  1988).

6      A petitioner can satisfy the exhaustion requirement by

7  providing the highest state court with the necessary jurisdiction

8  a full and fair opportunity to consider each claim before

9  presenting it to the federal court, and demonstrating that no

10 state remedy remains available.  Picard v. Connor, 404 U.S. 270,

11 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

12 1996).  A federal court will find that the highest state court

13 was given a full and fair opportunity to hear a claim if the

14 petitioner has presented the highest state court with the claim's

15 factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365

16 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10

17 (1992), superceded by statute as stated in Williams v. Taylor,

18 529 U.S. 362 (2000) (factual basis).

19     Additionally, the petitioner must have specifically told the

20 state court that he was raising a federal constitutional claim.

21 Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

22 (9th Cir.2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v.

23 Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133

24 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States

25 Supreme Court reiterated the rule as follows:

26      In Picard v. Connor, 404 U.S. 270, 275...(1971),
        we said that exhaustion of state remedies requires that
27      petitioners "fairly presen[t]" federal claims to the
        state courts in order to give the State the
28      "'opportunity to pass upon and correct' alleged

1    violations of the prisoners' federal rights" (some
2    internal quotation marks omitted). If state courts are
     to be given the opportunity to correct alleged violations
3    of prisoners' federal rights, they must surely be
     alerted to the fact that the prisoners are asserting
4    claims under the United States Constitution. If a
     habeas petitioner wishes to claim that an evidentiary
5    ruling at a state court trial denied him the due
     process of law guaranteed by the Fourteenth Amendment,
6    he must say so, not only in federal court, but in state
     court.

7    Duncan, 513 U.S. at 365-366.   The Ninth Circuit examined the rule

8    further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir.

9    2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th

10   Cir. 2001), stating:

11       Our rule is that a state prisoner has not "fairly
         presented" (and thus exhausted) his federal claims
12       in state court unless he specifically indicated to
         that court that those claims were based on federal law.
13       See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir.
         2000). Since the Supreme Court's decision in Duncan,
14       this court has held that the petitioner must make the
         federal basis of the claim explicit either by citing
15       federal law or the decisions of federal courts, even
         if the federal basis is "self-evident," Gatlin v. Madding,
16       189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
         Harless, 459 U.S. 4, 7... (1982), or the underlying
17       claim would be decided under state law on the same
         considerations that would control resolution of the claim
18       on federal grounds, see, e.g., Hiivala v. Wood, 195
         F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,
19       88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
         at 865.
20       ...
         In Johnson, we explained that the petitioner must alert
21       the state court to the fact that the relevant claim is a
         federal one without regard to how similar the state and
22       federal standards for reviewing the claim may be or how
         obvious the violation of federal law is.
23
     Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as
24
     amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir.
25
     2001).
26
         In the petition before the Court, Petitioner states that he
27
     raised before the state courts the issue of an absence of
28

                                     5

1  evidence to support the board's denial (pet. 2); however, he does

2  not state that he raised the other arguments or claims that he

3  alleges in the petition before the Court.  Further, he does not

4  state that his claims concerned a denial of due process rights

5  protected by the Fourteenth Amendment as distinct from protection

6  by state law.  Finally, he does not state what issues he raised

7  before the California Supreme Court, or whether or not his appeal

8  to the highest state court has been decided.

9      If the grounds are pending before the California Supreme

10 Court, or if the grounds were not presented to the California

11 Supreme Court, they are unexhausted, and the petition must be

12 dismissed to provide Petitioner an opportunity to exhaust the

13 claims.  28 U.S.C. § 2254(b)(1); Rose, 455 U.S. at 521-22.

14     The instant petition must be dismissed for the reasons

15 stated above.  Petitioner will be given an opportunity to file a

16 first amended petition to cure the deficiencies.  Petitioner is

17 advised that failure to file a petition in compliance with this

18 order (i.e., a completed petition with specific, identifiable,

19 cognizable federal claims clearly stated and with exhaustion of

20 state remedies clearly stated) within the allotted time will

21 result in a recommendation that the petition be dismissed and the

22 action be terminated.  Petitioner is advised that the amended

23 petition should be entitled, "First Amended Petition," and it

24 must refer to the case number in this action.

25     II.  Disposition

26     Accordingly, it is ORDERED that:

27     1) The petition for writ of habeas corpus is DISMISSED with

28 leave to amend; and

6

1      2) Petitioner is GRANTED thirty (30) days from the date of

2  service of this order to file an amended petition in compliance

3  with this order; and

4      3) The Clerk of the Court is DIRECTED to send Petitioner a

5  form petition pursuant to 28 U.S.C. § 2254.

6

7  IT IS SO ORDERED.

8  **Dated:    January 3, 2011**                          **/s/ Sheila K. Oberto**
                                              UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28