UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEONCIO PALMA, | ) | 1:10-cv—02120-OWW-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER ON RECONSIDERATION OF THE |
| | ) | COURT'S ORDER DISMISSING THE |
| | ) | PETITION WITH LEAVE TO AMEND |
| v. | ) | (DOC. 7) |
| | ) | |
| KATTY ALLISON, | ) | ORDER DISMISSING THE PETITION |
| | ) | WITH LEAVE TO FILE A FIRST |
| Respondent. | ) | AMENDED PETITION NO LATER THAN |
| | ) | THIRTY (30) DAYS AFTER SERVICE OF |
| | ) | THIS ORDER |

ORDER DISMISSING PETITIONER'S
MOTION FOR AN EXTENSION OF TIME
AS MOOT (DOC. 8)

**DEADLINE: THIRTY (30) DAYS**

Petitioner is a state prisoner proceeding in forma pauperis and pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on November 15, 2010.

I. <u>Background</u>

In the petition, Petitioner alleged that he was an inmate of

1

the California Substance Abuse Treatment Facility (CSATF) at Corcoran, California, serving a sentence of life with the possibility of parole imposed in 1990 for a conviction of attempted murder in the San Diego Superior Court.  (Pet. 1.) Petitioner challenged a decision of the "board" (presumably California's Board of Parole Hearings) denying Petitioner's application for parole.  (Pet. 4.)  Petitioner claimed that the evidence was insufficient to support the decision that he continued to pose an unreasonable threat to others, there was no individualized consideration of the appropriate factors of parole suitability, and the board failed to articulate a rational nexus between the factors and the conclusion that Petitioner was presently dangerous to society if released.  Petitioner alleged that this violated the state and federal constitutions, and that his continued incarceration was a violation of "due process." (Pet. 4, 5.)

However, because Petitioner did not specifically allege exhaustion of all claims and did not sufficiently identify the precise parole decision in issue, leave to file a first amended petition to state a more specific claim was granted by order dated January 4, 2011.

On February 9, 2011, Petitioner filed a request for a sixty-day extension of time within which to file a first amended petition (FAP).

II.  Reconsideration of the Order Dismissing the Petition

After the Court's order dismissing the petition with leave to amend issued, the United States Supreme Court decided Swarthout v. Cooke, 562 U.S. –, 131 S.Ct. 859, 861-62 (2011).

2

Habeas corpus proceedings are characterized as civil in nature. See, Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 269 (1978). Rule 12 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) provides that the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or the rules, may be applied to a habeas proceeding. The Advisory Committee's Notes caution that the civil rules apply only when it would be appropriate to do so and would not be inconsistent or inequitable in the overall framework of habeas corpus. Mayle v. Felix, 545 U.S. 644, 654-655 n.4 (2005).

A district court has the discretion to reconsider and modify intermediate, non-final dispositions at any time before final judgment is entered. Fed. R. Civ. P. 54(b); Holly D. v. California Institute of Technology, 339 F.3d 1158, 1180 (9th Cir. 2003). Further, a court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. Landis v. North American Co., 299 U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Because the Swarthout case appears to govern the types of claims that Petitioner alleged in the initial petition, the Court exercises its discretion to reconsider the order dismissing the initial petition in order to determine whether there are additional grounds for dismissing the petition.

The Supreme Court has characterized as reasonable the

decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 562 U.S. –, 131 S.Ct. 859, 861-62 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979).[1] Swarthout v. Cooke, 131 S.Ct. 859, 862. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution
> to be conditionally released before the expiration of
> a valid sentence, and the States are under no duty
> to offer parole to their prisoners. (Citation omitted.)
> When, however, a State creates a liberty interest,
> the Due Process Clause requires fair procedures for its
> vindication–and federal courts will review the
> application of those constitutionally required procedures.
> In the context of parole, we have held that the procedures
> required are minimal. In Greenholtz, we found
> that a prisoner subject to a parole statute similar
> to California's received adequate process when he
> was allowed an opportunity to be heard and was provided

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16. The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee. Id. at 9. Further, the discretionary decision to release one on parole does not involve restrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary. Id. at 13. In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

4

>    a statement of the reasons why parole was denied.
>    (Citation omitted.)

Swarthout, 131 S.Ct. 859, 862. The Court concluded that the petitioners had received the process that was due as follows:

>    They were allowed to speak at their parole hearings
>    and to contest the evidence against them, were afforded
>    access to their records in advance, and were notified
>    as to the reasons why parole was denied....
>
>    That should have been the beginning and the end of
>    the federal habeas courts' inquiry into whether
>    [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the federal Due Process Clause. Id. at 862-63.

   Here, in the initial petition, Petitioner asked this Court to engage in the very type of analysis foreclosed by Swarthout. Thus, pursuant to Swarthout, it appears that the claims alleged in the initial petition were not cognizable in this proceeding. Petitioner's allegations did not point to a real possibility of constitutional error or otherwise entitle Petitioner to habeas relief because California's "some evidence" requirement is not a substantive federal requirement. Review of the record for "some evidence" to support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254.

   Petitioner's claim that he did not receive a sufficiently individualized consideration of the factors appropriate under California law is likewise not cognizable. The minimal due process to which Petitioner is entitled under Swarthout does not include any particular degree of individualized consideration.

5

1    Petitioner cites state law concerning the process of
2 granting parole and parole suitability.  To the extent that
3 Petitioner's claim or claims rest on state law, they are not
4 cognizable on federal habeas corpus.  Federal habeas relief is
5 not available to retry a state issue that does not rise to the
6 level of a federal constitutional violation.  <u>Wilson v. Corcoran</u>,
7 562 U.S. — , 131 S.Ct. 13, 16 (2010); <u>Estelle v. McGuire</u>, 502
8 U.S. 62, 67-68 (1991).  Alleged errors in the application of
9 state law are not cognizable in federal habeas corpus.  <u>Souch v.
10 Schiavo</u>, 289 F.3d 616, 623 (9th Cir. 2002).
11    A petition for habeas corpus should not be dismissed without
12 leave to amend unless it appears that no tenable claim for relief
13 can be pleaded were such leave granted.  <u>Jarvis v. Nelson</u>, 440
14 F.2d 13, 14 (9th Cir. 1971).
15    Here, Petitioner did not allege or document facts concerning
16 the actual procedures followed in connection with his parole
17 hearing.  Although it appears that Petitioner did receive a
18 statement of reasons for the parole board's decision, it is
19 uncertain whether Petitioner had an opportunity to be heard.
20 Thus, it is possible that Petitioner could state a tenable claim
21 for relief under the Due Process Clause.
22    Accordingly, upon reconsideration of the order dismissing
23 the petition with leave to amend, the Court confirms and adopts
24 the earlier order of dismissal.  Further, the Court concludes
25 that Petitioner's claims are subject to dismissal not only
26 because of the reasons detailed in the original order of
27 dismissal, namely, a lack of specificity and failure to allege
28 exhaustion of state court remedies, but also because pursuant to

6

the Swarthout decision, the facts alleged would not entitle Petitioner to any relief in a proceeding pursuant to 28 U.S.C. § 2254.

The instant petition must be dismissed for the reasons stated above and for those detailed in the Court's order of January 4, 2011. Petitioner will be given an opportunity to file a first amended petition to cure the deficiencies. Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completed petition with specific, identifiable, cognizable federal claims clearly stated and with exhaustion of state remedies clearly stated) within the allotted time will result in a recommendation that the petition be dismissed and the action be terminated. Petitioner is advised that the amended petition should be entitled, "First Amended Petition," and it must refer to the case number in this action.

III. Disposition

Accordingly, after reconsidering its order of January 4, 2011, dismissing the petition with leave to amend, it is ORDERED that:

1) The petition is DISMISSED with leave to amend for lack of specificity, failure to allege exhaustion of state court remedies, and failure to state a claim cognizable in a proceeding pursuant to 28 U.S.C. § 2254; and

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file a first amended petition in compliance with this order; and

3) Petitioner's motion for an extension of sixty days within which to file a first amended petition is DISMISSED as

7

moot; and

    4) The Clerk of the Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

**Dated: May 9, 2011**　　　　　　　　　　　　　　　　/s/ **Sheila K. Oberto**
　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE